| | |
|---|---|
| 1 | RONALD S. LEMIEUX (SBN 120822) <br> ronlemieux@paulhastings.com |
| 2 | TERRY D. GARNETT (SBN 151212) <br> terrygarnett@paulhastings.com |
| 3 | VINCENT K. YIP (SBN 170665) <br> vincentyip@paulhastings.com |
| 4 | PAUL, HASTINGS, JANOFSKY & WALKER LLP <br> Five Palo Alto Square, Sixth Floor |
| 5 | Palo Alto, CA 94306-2155 |
| 6 | Telephone: (650) 320-1800 <br> Facsimile: (650) 320-1900 |
| 7 | Attorneys for Plaintiff <br> Silicon Graphics, Inc. |

**COPY**

**ORIGINAL FILED**

SEP 28 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

E-FILING

C06 06100 BZ

ADR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SILICON GRAPHICS, INC.,

    Plaintiff,

vs.

LG, ELECTRONICS, INC.,

    Defendant

CASE NO.

**COMPLAINT FOR DECLARATORY JUDGMENT**

**DEMAND FOR JURY TRIAL**

Plaintiff, Silicon Graphics, Inc. ("SGI"), by its undersigned attorneys, files this complaint against LG Electronics, Inc. ("LGE"):

## INTRODUCTION

1. This action concerns the invalidity and non-infringement of the following six United States Patents, which, on information and belief, are owned by LGE: U.S. Patent No. 4,918,645; U.S. Patent No. 4,926,419; U.S. Patent No. 4,939,641; U.S. Patent No.5,077,733; U.S. Patent No. 5,379,379; and U.S. Patent No. 5,892,509 (collectively the "patents-in-suit").

2. LGE has repeatedly and publicly alleged that SGI manufactures, markets and sells products that infringe the patents-in-suit. These actions and other recent conduct by LGE have created in SGI an objectively reasonable apprehension of suit by LGE.

3. Accordingly, SGI respectfully asks this Court to declare that SGI does not infringe any claim of the patents-in-suit by making, using, selling, importing or offering to sell its products and further declare each claim of the patents-in-suit invalid.

## THE PARTIES

### Silicon Graphics, Inc.

4. SGI is a corporation organized under the laws of the State of Delaware having its principal place of business at 1200 Crittenden Lane, Mountain View, Santa Clara County, CA 94043-1351.

### LG Electronics, Inc.

5. On information and belief, LGE is a corporation organized under the laws of the Republic of Korea and having a place of business at LG Twin Towers, 20, Yoido-dong, Youngdungpo-gu, Seoul 150-731 Korea.

## JURISDICTION

6. This Court has jurisdiction over all claims for declaratory judgment of patent non-infringement and invalidity set forth herein under 28 U.S.C. §§ 1331 and 1338(a), the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under the laws of the United States concerning patents, 35 U.S.C. §§ 1, *et seq.*

7. Jurisdiction over LGE is proper in this Court because it has continuous, systematic, and substantial contacts with the State of California and is pursuing claims based on the patents-in-suit against other companies in this Court. On information and belief, LGE makes, sells, offers to sell, imports, repairs and services products in California, including the Northern District of California.

## VENUE

8. Venue is proper in the Northern District of California under 28 U.S.C. §§ 1391(b), 1391(c), 1391(d).

## SUMMARY OF FACTS

### The Patents-In-Suit

9. The patents-in-suit describe technologies relating to computer memory access, bus priority schemes, cache coherency schemes, memory read and write ordering schemes and collaborative networking.

10. U.S. Patent No. 4,918,645 ("the '645 Patent") entitled "Computer Bus Having Page Mode Memory Access" issued on April 17, 1990 and lists Brian E. J. Lagoy, Jr. as inventor. On information and belief, LGE asserts that it is the owner by assignment of the '645 Patent. A copy of the '645 Patent is attached as Exhibit A.

11. U.S. Patent No. 4,926,419 ("the '419 Patent") entitled "Priority Apparatus" issued on May 15, 1990 and lists David L. Whipple as inventor. On information and belief, LGE asserts that it is the owner by assignment of the '419 Patent. A copy of the '419 Patent is attached as Exhibit B.

12. U.S. Patent No. 4,939,641 ("the '641 Patent") entitled "Multi-Processor System With Cache Memories" issued on July 3, 1990 and lists Martin J. Schwartz and Robert D. Becker as inventors. On information and belief, LGE asserts that it is the owner by assignment of the '641 Patent. A copy of the '641 Patent is attached as Exhibit C.

13. U.S. Patent No. 5,077,733 ("the '733 Patent") entitled "Priority Apparatus Having Programmable Node Dwell Time" issued on December 31, 1991 and lists David L.

Whipple as inventor. On information and belief, LGE asserts that it is the owner by assignment of the '733 Patent. A copy of the '733 Patent is attached as Exhibit D.

14. U.S. Patent No. 5,379,379 ("the '379 Patent") entitled "Memory Control Unit With Selective Execution of Queued Read and Write Requests" issued on January 3, 1995 and lists Robert D. Becker, Martin J. Schwartz, Kevin H. Curcuru and Kenneth J. Eng as inventors. On information and belief, LGE asserts that it is the owner by assignment of the '379 Patent. A copy of the '379 Patent is attached as Exhibit E.

15. U.S. Patent No. 5,892,509 ("the '509 Patent") entitled "Image Processing Apparatus Having Common and Personal Memory and Capable of Viewing and Editing an Image Commonly With a Remote Image Processing Apparatus Over a Network" issued on April 6, 1999 and lists Thomas Jakobs, Wayne D. Jung, Richard A. Karlin, Leonard Reiffel, Raphael K. Tam, Timothy T. Tutt and Michael F. Dunk as inventors. On information and belief, LGE asserts that it is the owner by assignment of the '509 Patent. A copy of the '509 Patent is attached as Exhibit F.

### Controversy Between LGE and SGI

16. SGI is a leading designer, manufacturer and provider of high performance computing servers, storage products and services.

17. On May 8, 2006, SGI commenced a voluntary case under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (Chapter 11 Case No. 06-70944-BRL).

18. In the bankruptcy case, LGE filed a proof of claim against SGI on or about August 3, 2006. In its proof of claim, LGE alleged infringement by SGI of the six patents-in-suit and two additional, now expired patents: U.S. Patent Nos. 4,654,484 and 4,747,070 and claimed damages in excess of $75,000,000.00. SGI has objected to LGE's proof of claim in the bankruptcy court.

19. On or around the same date, LGE also filed a motion (the "Stay Relief Motion") seeking (i) relief from the automatic stay pursuant to section 362(d)(1) of the Bankruptcy Code so that LGE could proceed against SGI in the appropriate district court for an

action seeking damages for pre-petition infringement of certain LGE patents and (ii) to confirm that the automatic stay did not apply to LGE's ability to commence a proceeding against SGI with respect to SGI's alleged post-petition infringement of LGE's patents.

20. In its Stay Relief Motion, LGE alleged that SGI manufactures, markets and sells products that infringe the patents-in-suit and, through these acts, SGI has infringed and continues to infringe the patents-in-suit.

21. According to the Stay Relief Motion, LGE's requested relief from the automatic stay in order to allow it to commence a patent infringement lawsuit against SGI.

22. On September 8, 2006, SGI and LGE entered into a Stipulation, Agreement and Order between the Debtors and LG Electronics, Inc. Resolving Motion for Relief from the Automatic Stay and Other Disputes (the "Stipulation"). In the Stipulation, LGE withdrew its Stay Relief Motion, without prejudice to reassertion of its claims after the effective date of a plan of reorganization.

23. Under the Stipulation, upon the effective date of the Bankruptcy Plan LGE is no longer precluded from suing SGI for claims of patent infringement first arising between May 8, 2006 and the effective date of the Bankruptcy Plan, as well as for claims of patent infringement first arising after the effective date of the Bankruptcy Plan.

24. On September 19, 2006, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Confirmation Order") confirming SGI's First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, Dated July 27, 2006, as Modified (the "Bankruptcy Plan"). Under the terms of the Bankruptcy Plan itself, the effective date must occur not later than October 19, 2006.

25. The Stipulation and LGE's recent actions and other conduct have created in SGI an objectively reasonable apprehension of suit by LGE for infringement of the patents-in-suit relating to claims first arising on or after May 8, 2006

26. Accordingly, SGI respectfully asks this Court to declare that SGI does not infringe any claim of the patents-in-suit by making, using, selling, importing or offering to sell its products and further declare each claim of the patents-in-suit invalid.

COMPLAINT, DEMAND FOR JURY TRIAL AND                    -5-
CERTIFICATION OF INTERESTED ENTITIES OR PERSONS
LEGAL_US_W # 54486329.1

## COUNT I

### Declaratory Judgment

### (Invalidity of U.S. Patent No. 4,918,645)

27. The averments of paragraphs 1-26 are repeated and re-alleged as if fully set forth herein.

28. LGE's actions, conduct and the totality of the circumstances outlined above accusing SGI of infringing the '645 Patent have created in SGI an objectively reasonable apprehension of LGE filing suit against SGI alleging patent infringement of the '645 Patent.

29. Each and every claim of the '645 Patent is invalid for failing to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code.

30. For at least these reasons, a substantial, continuing and actual controversy now exists between SGI and LGE as to the validity of the '645 Patent within the meaning of 28 U.S.C. § 2201.

31. Therefore, a judicial declaration of invalidity of the '645 Patent is necessary and appropriate in order to resolve this controversy.

## COUNT II

### Declaratory Judgment

### (Non-Infringement of U.S. Patent No. 4,918,645)

32. The averments of paragraphs 1-26 are repeated and re-alleged as if fully set forth herein.

33. LGE's actions, conduct and the totality of the circumstances outlined above accusing SGI of infringing the '645 Patent have created in SGI an objectively reasonable apprehension of LGE filing suit against SGI alleging patent infringement of the '645 Patent.

34. None of SGI's products infringe any claim of the '645 Patent.

35. For at least these reasons, a substantial, continuing and actual controversy now exists between SGI and LGE as to the infringement of the '645 Patent within the meaning of 28 U.S.C. § 2201.

36. Therefore, a judicial declaration of non-infringement of the '645 Patent is necessary and appropriate in order to resolve this controversy.

## COUNT III

### Declaratory Judgment

### (Invalidity of U.S. Patent No. 4,926,419)

37. The averments of paragraphs 1-26 are repeated and re-alleged as if fully set forth herein.

38. LGE's actions, conduct and the totality of the circumstances outlined above accusing SGI of infringing the '419 Patent have created in SGI an objectively reasonable apprehension of LGE filing suit against SGI alleging patent infringement of the '419 Patent.

39. Each and every claim of the '419 Patent is invalid for failing to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code.

40. For at least these reasons, a substantial, continuing and actual controversy now exists between SGI and LGE as to the validity of the '419 Patent within the meaning of 28 U.S.C. § 2201.

41. Therefore, a judicial declaration of invalidity of the '419 Patent is necessary and appropriate in order to resolve this controversy.

## COUNT IV

### Declaratory Judgment

### (Non-Infringement of U.S. Patent No. 4,926,419)

42. The averments of paragraphs 1-26 are repeated and re-alleged as if fully set forth herein.

43. LGE's actions, conduct and the totality of the circumstances outlined above accusing SGI of infringing the '419 Patent have created in SGI an objectively reasonable apprehension of LGE filing suit against SGI alleging patent infringement of the '419 Patent.

44. None of SGI's products infringe any claim of the '419 Patent.

45. For at least these reasons, a substantial, continuing and actual controversy now exists between SGI and LGE as to the infringement of the '419 Patent within the meaning of 28 U.S.C. § 2201.

46. Therefore, a judicial declaration of non-infringement of the '419 Patent is necessary and appropriate in order to resolve this controversy.

## COUNT V

### Declaratory Judgment

### (Invalidity of U.S. Patent No. 4,939,641)

47. The averments of paragraphs 1-26 are repeated and re-alleged as if fully set forth herein.

48. LGE's actions, conduct and the totality of the circumstances outlined above accusing SGI of infringing the '641 Patent have created in SGI an objectively reasonable apprehension of LGE filing suit against SGI alleging patent infringement of the '641 Patent.

49. Each and every claim of the '641 Patent is invalid for failing to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code.

50. For at least these reasons, a substantial, continuing and actual controversy now exists between SGI and LGE as to the validity of the '641 Patent within the meaning of 28 U.S.C. § 2201.

51. Therefore, a judicial declaration of invalidity of the '641 Patent is necessary and appropriate in order to resolve this controversy.

## COUNT VI

### Declaratory Judgment

### (Non-Infringement of U.S. Patent No. 4,939,641)

52. The averments of paragraphs 1-26 are repeated and re-alleged as if fully set forth herein.

53. LGE's actions, conduct and the totality of the circumstances outlined above accusing SGI of infringing the '641 Patent have created in SGI an objectively reasonable apprehension of LGE filing suit against SGI alleging patent infringement of the '641 Patent.

54. None of SGI's products infringe any claim of the '641 Patent.

55. For at least these reasons, a substantial, continuing and actual controversy now exists between SGI and LGE as to the infringement of the '641 Patent within the meaning of 28 U.S.C. § 2201.

56. Therefore, a judicial declaration of non-infringement of the '641 Patent is necessary and appropriate in order to resolve this controversy.

## COUNT VII

### Declaratory Judgment

### (Invalidity of U.S. Patent No. 5,077,733)

57. The averments of paragraphs 1-26 are repeated and re-alleged as if fully set forth herein.

58. LGE's actions, conduct and the totality of the circumstances outlined above accusing SGI of infringing the '733 Patent have created in SGI an objectively reasonable apprehension of LGE filing suit against SGI alleging patent infringement of the '733 Patent.

59. Each and every claim of the '733 Patent is invalid for failing to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code.

60. For at least these reasons, a substantial, continuing and actual controversy now exists between SGI and LGE as to the validity of the '733 Patent within the meaning of 28 U.S.C. § 2201.

61. Therefore, a judicial declaration of invalidity of the '733 Patent is necessary and appropriate in order to resolve this controversy.

## COUNT VIII

### Declaratory Judgment

**(Non-Infringement of U.S. Patent No. 5,077,733)**

62. The averments of paragraphs 1-26 are repeated and re-alleged as if fully set forth herein.

63. LGE's actions, conduct and the totality of the circumstances outlined above accusing SGI of infringing the '733 Patent have created in SGI an objectively reasonable apprehension of LGE filing suit against SGI alleging patent infringement of the '733 Patent.

64. None of SGI's products infringe any claim of the '733 Patent.

65. For at least these reasons, a substantial, continuing and actual controversy now exists between SGI and LGE as to the infringement of the '733 Patent within the meaning of 28 U.S.C. § 2201.

66. Therefore, a judicial declaration of non-infringement of the '733 Patent is necessary and appropriate in order to resolve this controversy.

## COUNT IX

### Declaratory Judgment

**(Invalidity of U.S. Patent No. 5,379,379)**

67. The averments of paragraphs 1-26 are repeated and re-alleged as if fully set forth herein.

68. LGE's actions, conduct and the totality of the circumstances outlined above accusing SGI of infringing the '379 Patent have created in SGI an objectively reasonable apprehension of LGE filing suit against SGI alleging patent infringement of the '379 Patent.

69. Each and every claim of the '379 Patent is invalid for failing to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code.

70. For at least these reasons, a substantial, continuing and actual controversy now exists between SGI and LGE as to the validity of the '379 Patent within the meaning of 28 U.S.C. § 2201.

71. Therefore, a judicial declaration of invalidity of the '379 Patent is necessary and appropriate in order to resolve this controversy.

## COUNT X

### Declaratory Judgment

### (Non-Infringement of U.S. Patent No. 5,379,379)

72. The averments of paragraphs 1-26 are repeated and re-alleged as if fully set forth herein.

73. LGE's actions, conduct and the totality of the circumstances outlined above accusing SGI of infringing the '379 Patent have created in SGI an objectively reasonable apprehension of LGE filing suit against SGI alleging patent infringement of the '379 Patent.

74. None of SGI's products infringe any claim of the '379 Patent.

75. For at least these reasons, a substantial, continuing and actual controversy now exists between SGI and LGE as to the infringement of the '379 Patent within the meaning of 28 U.S.C. § 2201.

76. Therefore, a judicial declaration of non-infringement of the '379 Patent is necessary and appropriate in order to resolve this controversy.

## COUNT XI

### Declaratory Judgment

### (Invalidity of U.S. Patent No. 5,892,509)

77. The averments of paragraphs 1-26 are repeated and re-alleged as if fully set forth herein.

78. LGE's actions, conduct and the totality of the circumstances outlined above accusing SGI of infringing the '509 Patent have created in SGI an objectively reasonable apprehension of LGE filing suit against SGI alleging patent infringement of the '509 Patent.

79. Each and every claim of the '509 Patent is invalid for failing to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code.

80. For at least these reasons, a substantial, continuing and actual controversy now exists between SGI and LGE as to the validity of the '509 Patent within the meaning of 28 U.S.C. § 2201.

81. Therefore, a judicial declaration of invalidity of the '509 Patent is necessary and appropriate in order to resolve this controversy.

## COUNT XII

### Declaratory Judgment

### (Non-Infringement of U.S. Patent No. 5,892,509)

82. The averments of paragraphs 1-26 are repeated and re-alleged as if fully set forth herein.

83. LGE's actions, conduct and the totality of the circumstances outlined above accusing SGI of infringing the '509 Patent have created in SGI an objectively reasonable apprehension of LGE filing suit against SGI alleging patent infringement of the '509 Patent.

84. None of SGI's products infringe any claim of the '509 Patent.

85. For at least these reasons, a substantial, continuing and actual controversy now exists between SGI and LGE as to the infringement of the '509 Patent within the meaning of 28 U.S.C. § 2201.

86. Therefore, a judicial declaration of non-infringement of the '509 Patent is necessary and appropriate in order to resolve this controversy.

## REQUEST FOR RELIEF

WHEREFORE SGI PRAYS FOR THE FOLLOWING RELIEF:

A. A declaration that SGI's products have not and do not infringe any claims of any patent-in-suit;

B. A declaration that each claim of the patents-in-suit is invalid;

C. A permanent injunction enjoining LGE, its respective officers, agents, servants, employees, attorneys and all persons and entities acting in concert with any of them

1  from making any claim to any person or entity that SGI's products infringe any claim of the
2  patents-in-suit;

3      D.    A permanent injunction enjoining LGE, its respective officers, agents,
4  servants, employees, attorneys and all persons and entities acting in concert with any of them
5  from interfering with or threatening to interfere with, the manufacture, sale, license or use of
6  SGI's products by SGI, its distributors, customers, licensees, successors or assigns and others;

7      E.    A permanent injunction enjoining LGE, its respective officers, agents,
8  servants, employees, attorneys and all persons and entities acting in concert with any of them
9  from instituting or prosecuting any lawsuit or proceeding, or placing in issue the right of SGI, its
10 distributors, customers, licensees, successors or assigns and others to make, use, sell, offer to sell
11 or import SGI's products;

12     F.    A declaration that the present action is an exceptional case under 35 U.S.C.
13 § 285 and award SGI its attorneys' fees, costs and expenses incurred in connection with this
14 action; and

15     G.    Award SGI any other relief the Court deems just and proper.

17 DATED: September 28, 2006    PAUL, HASTINGS, JANOFSKY & WALKER LLP

19     By: _____
    RONALD S. LEMIEUX

21 Attorneys for Plaintiff
   Silicon Graphics Inc.

## DEMAND FOR JURY TRIAL

Silicon Graphics, Inc. respectfully demands a jury trial on all issues so triable pursuant to FRCivP 38(b) and Civil L.R 3-6.

DATED: September 28, 2006

PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: _____
RONALD S. LEMIEUX

Attorneys for Plaintiff
Silicon Graphics Inc.

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

DATED: September 28, 2006          PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: _____
                        RONALD S. LEMIEUX

Attorneys for Plaintiff
Silicon Graphics Inc.