**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILICON GRAPHICS, INC., | No. 06-06100 CW |
| Plaintiff, | ORDER DENYING STIPULATED REQUEST FOR STAY OF LITIGATION |
| v. | |
| LG ELECTRONICS, INC., | |
| Defendant. | |

On May 16, 2007, Defendant LG Electronics file a Stipulated Request for Stay of Litigation.  Parties request that the above-captioned case be stayed until entry of judgment in the related cases.  At a Case Management Conference on December 1, 2006, the Court set a trial date and a pretrial schedule for this case and the related cases (copy attached).  It is the Court's intention to try at the same time any remaining cases that have not settled.  Accordingly,

IT IS HEREBY ORDERED that the Stipulated Request for Stay of Litigation is denied.

5/22/07

Dated _____

_Claudia Wilken_

CLAUDIA WILKEN
United States District Judge

**United States District Court**
For the Northern District of California

1            IN THE UNITED STATES DISTRICT COURT

2          FOR THE NORTHERN DISTRICT OF CALIFORNIA

3  LG ELECTRONICS, INC ET AL,              No. C 01-01375 CW
      v.
4  BIZCOM ELECTRONICS, INC. ET AL,
   _____
5  LG ELECTRONICS, INC ET AL,              No. C-01-01594 CW
      v.
6  EVEREX
   _____
7  LG ELECTRONICS, INC ET AL,              No. C-01-02187 CW
      v.
8  FIRST INT'L COMPUTER
   _____
9  LG ELECTRONICS, INC ET AL,              No. C-01-01552 CW
      v.
10 Q-LITY
   _____
11 SILICON GRAPHICS                        No. C-06-06100 CW
      v.
12 LG ELECTORNICS,                         MINUTE ORDER AND CASE
                                    /      MANAGEMENT ORDER
13 _____

14 Clerk: Sheilah Cahill       Reporter: Raynee Mercado
   Plaintiff Attorney: Michael McKeon; DavidBarken; Katherine Prescott;
15 Ralph Phillips
   Defendant Attorney: William Anthony; Kai Tseng; Joseph Strabala;
16 Ronald Lemieux; Terry Garnett

17      A case management conference was held on: 12/1/06.   The Case
   Management Statement and Proposed Order filed by the parties is hereby
18 adopted by the Court as the Case Management Order for the case, except
   as may be noted below.   The Court's standard Order for Pretrial
19 Preparation also applies.

20 The case is hereby referred to the following ADR process:
   Non-binding Arbitration:〔 〕    Early Neutral Evaluation: 〔 〕
21 Court-connected mediation: 〔 〕     Private mediation: 〔 X 〕
   Magistrate Judge settlement conference: 〔 〕
22 ADR session to be held by:                              〔N/A〕
   (or as soon thereafter as is convenient to the mediator's schedule)
23
   Deadline to add additional parties or claims:          〔12/01/06〕
24 Date of next case management conference:                〔10/12/07〕

25 Completion of Fact Discovery:                           〔07/27/07〕
   Disclosure of identities and reports of expert witnesses:
26   Opening expert reports: 〔06/08/07〕;  Responsive reports:〔06/22/07〕
   Completion of Expert Discovery:                         〔07/27/07〕
27

28
                               2

**United States District Court**
For the Northern District of California

1    All case-dispositive motions to be heard at 10:00 AM
          on or before:                                               (10/12/07)
2    Final Pretrial Conference at 1:30 P.M. on:                       (12/21/07)
     A 24 day Jury Trial will begin at 8:30 A.M. on:                  (01/22/08)
3
     Additional Matters:  Copy of Court's Order for Pretrial Preparation
4    given to attys in court.  LG has not accepted service in C-06-6100,
     SGI v. LG.  LG to advise SGI by next Friday if LG will accept service
5    contingent on LG having 60 days to file responsive pleading.  **Further
     Case Management Conference in C-06-6100 set for 2/2/07 at 1:30 p.m.;**
6    **if filing motion to dismiss, parties can stipulate to move FCMC to
     same date as motion.**  Parties have been pursuing private mediation
7    with Judge Infante and will continue to see him.  Courts set schedule
     based on no new products.  Final infringement contentions due 1/12/07;
8    Final vailidty contentions due 2/12/07.  Plaintiff to file opening
     brief re dispositive motions by 8/24/07; Defendants opposition/cross
9    motions (contained within a single brief) due 09/07/07; Plaintiff
     reply/opposition due 9/21/07; defendants' surreply due 9/28/07.
10   Parties to consider waiving jury.  If not waiving jury, parties to
     determine process for Court appointed expert.  Court to advise Court
11   within 2 weeks if they will waive jury; if not waiving jury, parties
     to submit proposal for Court appointed expert one week thereafter.
12   Parties to submit FCMC statement at the same time final reply brief
     is due stating what things they will still be pursuing.
13

14        IT IS SO ORDERED.

15
     Dated: 12/27/06
16                                    _____
                                      CLAUDIA WILKEN
17                                    United States District Judge

18
     Copies to:  Chambers; ADR
19

20

21

22

23

24

25

26

27

28
                                      3

**United States District Court**
For the Northern District of California

1

2

                                    <u>NOTICE</u>

3        Criminal Law and Motion calendar is conducted on Mondays at 2:00
p.m. (in custody) and 2:30 p.m. (not in custody).  Civil Law and
4   Motion calendar is conducted on Fridays at 10:00 a.m.  Case Management
Conferences and Pretrial Conferences are conducted on Fridays at 1:30
5   p.m.  Order of call is determined by the Court.  Counsel need not
reserve a hearing date for civil motions; however, counsel are advised
6   to   check   the   legal   newspapers   or   the   Court's   website   at
www.cand.uscourts.gov for unavailable dates.

7

8        Motions for Summary Judgment:  All issues shall be contained
within one motion and shall conform with Civil L.R. 7-2.  Separate
9   statements of undisputed facts in support of or in opposition to
motions for summary judgment will not be considered by the Court.
10  (<u>See</u> Civil Local Rule 56-2(a)).  All briefing on motions for summary
judgment must be included in the memoranda of points and authorities
11  in support of, opposition to, or reply to the motion, and must comply
with the page limits of Civil Local Rule 7-4.  The memoranda should
include   a   statement   of   facts   supported   by   citations   to   the
12  declarations filed with respect to the motion.  Cross or counter-
motions shall be contained within the opposition to any motion for
13  summary judgment and shall conform with Civil L.R. 7-3.  The Court
may, *sua sponte* or pursuant to a motion under Civil L.R. 6-3,
14  reschedule the hearing so as to give a moving party time to file a
surreply to the cross or counter-motion.

15

16       All DISCOVERY MOTIONS are referred to a Magistrate Judge to be
heard and considered at the convenience of his/her calendar.  All such
17  matters shall be noticed by the moving party for hearing on the
assigned Magistrate Judge's regular law and motion calendar, or
pursuant to that Judge's procedures.

18       .

19
    (rev. 5/11/05)
20

21

22

23

24

25

26

27

28                                  4

United States District Court
For the Northern District of California

1    ORDER FOR PRETRIAL PREPARATION

2  PRETRIAL CONFERENCE

3       1.   Not less than 30 days prior to the pretrial conference,

4  counsel shall **exchange** (but not file or lodge) the papers described

5  in Civil L.R. 16-10(b)(7),(8),(9), and (10), and their motions in

6  limine.

7       2.   At least 20 days before the final pretrial conference, lead

8  counsel who will try the case shall meet and confer with respect to:

9           (a)    Preparation and content of the joint pretrial
           conference statement;
10
           (b)    Resolution of any differences between the parties
11         regarding the preparation and content of the joint pretrial
           conference statement and the preparation and exchange of
12         pretrial materials to be served and lodged pursuant to this
           Order for Pretrial Preparation.  To the extent such differences
13         are not resolved, parties will present the issues in the
           pretrial conference statement so that the judge may rule on the
14         matter during the pretrial conference; and

15          (c)   Settlement of the action.

16      3.   Not less than 10 days prior to the pretrial conference,

17 counsel shall submit the following.

18          (a)  Pretrial Conference Statement.  The parties shall file

19 a  joint  pretrial  conference  statement  containing  the  following

20 information:

21      (1)   The Action.

22          (A) Substance of the Action.  A brief description of the
       substance of claims and defenses which remain to be decided.
23
           (B)  Relief Prayed.  A detailed statement of all the relief
24     claimed, particularly itemizing all elements of damages claimed.

25
           (2)   The Factual Basis of the Action.
26
           (A)   Undisputed Facts.  A plain and concise statement of
27     all relevant facts not reasonably disputed.

28
                                    5

**United States District Court**
For the Northern District of California

(B)   Disputed Factual Issues.   A plain and concise statement of all disputed factual issues which remain to be decided.

(C)   Agreed Statement.   A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

(D)   Stipulations.   A statement of stipulations requested or proposed for pretrial or trial purposes.

(3)   Disputed Legal Issues.   Without extended legal argument, a concise statement of each disputed point of law concerning liability or relief.

(4)   Further Discovery or Motions.   A statement of all remaining discovery or motions.

(5)   Trial Alternatives and Options.

(A)   Settlement Discussion.   A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

(B)   Consent to Trial Before a Magistrate Judge.   A statement whether the parties consent to a court or jury trial before a magistrate judge, with appeal directly to the Ninth Circuit.

(C)   Bifurcation, Separate Trial of Issues. A statement of whether bifurcation or a separate trial of specific issues is feasible and desired.

(6)   Miscellaneous.   Any other subjects relevant to the trial of the action, or material to its just, speedy and inexpensive determination.

(b)   Exhibit List and Objections.   The exhibit list shall list each proposed exhibit by its number, description, and sponsoring witness, followed by blanks to accommodate the date on which it is marked for identification and the date on which it is admitted into evidence.   **No party shall be permitted to offer any exhibit in its case-in-chief that is not disclosed in its exhibit list without leave**

**United States District Court**
For the Northern District of California

1  **of the Court for good cause shown.**  Parties shall also deliver a set

2  of premarked exhibits to the Courtroom Deputy.  The exhibit markers

3  shall each contain the name and number of the case, the number of the

4  exhibit, and blanks to accommodate the date admitted and the Deputy

5  Clerk's initials.  (Appropriate sample forms are available on the

6  Court's website at www.cand.uscourts.gov).  Any objections to exhibits

7  which remain after the pretrial meeting shall be indicated in the

8  pretrial statement.

9        (c)  Witness List.  In addition to the requirements of

10  FRCivP 26(a)(3)(A), a brief statement describing the substance of the

11  testimony to be given by each witness who may be called at trial.  **No**

12  **party shall be permitted to call any witness in its case-in-chief that**

13  **is not disclosed in its pretrial statement without leave of Court for**

14  **good cause shown.**

15        (d)  Use of Discovery Responses.  In addition to the

16  requirements of FRCivP 26(a)(3)(B), a designation of any excerpts from

17  interrogatory answers or from responses for admissions intended to be

18  offered at trial.  Counsel shall indicate any objections to use of

19  these materials and that counsel have conferred respecting such

20  objections.

21        (e)  Trial briefs.  Briefs on all significant disputed

22  issues of law, including foreseeable procedural and evidentiary

23  issues, which remain after the pretrial meeting.

24        (f)  Motions in Limine. Any motions in limine that could

25  not be settled at the pretrial meeting shall be filed with the

26  pretrial statement.  All motions in limine shall be contained within

27  one document, limited to 25 pages pursuant to Civil L.R. 7-2(b), with

28

**United States District Court**
For the Northern District of California

1  each motion listed as a subheading.   Opposition to the motions in

2  limine shall be contained within one document, limited to 25 pages,

3  with corresponding subheadings, and filed five (5) days thereafter.

4          (g)   Joint Proposed Voir Dire.   The attached voir dire

5  questionnaire will be given to the venire members, and copies of the

6  responses will be made available to counsel at the beginning of voir

7  dire.  Counsel may submit a set of additional requested voir dire, to

8  be posed by the Court, to which they have agreed at the pretrial

9  meeting.  Any voir dire questions on which counsel cannot agree shall

10  be submitted separately.  Counsel may be allowed brief follow-up voir

11  dire after the Court's questioning.

12          (h)   Joint Proposed Jury Instructions.   Jury instructions

13  §1.1 through §1.12, §1.13 through §2.2, and §3.1 through §4.3 from the

14  <u>Manual of Model Civil Jury Instructions for the Ninth Circuit</u> (2001

15  Edition) will be given absent objection.  Counsel shall jointly submit

16  one set of additional proposed jury instructions, to which they have

17  agreed at the pretrial meeting.  The instructions shall be ordered in

18  a  logical  sequence,  together  with  a  table  of  contents.    Any

19  instruction  on  which  counsel  cannot  agree  shall  be  marked  as

20  "disputed,"  and  shall  be  included  within  the  jointly  submitted

21  instructions and accompanying table of contents, in the place where

22  the  party  proposing  the  instruction  believes  it  should  be  given.

23  Argument and authority for and against each disputed instruction shall

24  be  included  as  part  of  the  joint  submission,  on  separate  sheets

25  directly following the disputed instruction.

26      Whenever possible, counsel shall deliver to the Courtroom Deputy

27  a copy of their joint proposed jury instructions on a computer disk

28                                          8

1  in WordPerfect or ASCII format.  The disk label should include the

2  name of the parties, the case number and a description of the

3  document.

4        (I)   Proposed Verdict Forms, Joint or Separate.

5        (j)  Proposed Findings of Fact and Conclusions of Law (Court

6  Trial only).   Whenever possible, counsel shall deliver to the

7  Courtroom Deputy a copy of their proposed findings of fact and

8  conclusions of law on a computer disk in WordPerfect or ASCII format.

9  The disk label should include the name of the parties, the case number

10  and a description of the document.

11  <u>JURY SELECTION</u>

12       The Jury Commissioner will summon 20 to 25 prospective jurors.

13  The Courtroom Deputy will select their names at random and seat them

14  in the courtroom in the order in which their names are called.

15       Voir dire will be asked of sufficient venire persons so that

16  eight (or more for a lengthy trial) will remain after all peremptory

17  challenges and an anticipated number of hardship dismissals and cause

18  challenges have been made.

19       The Court will then take cause challenges, and discuss hardship

20  claims from the individual jurors, outside the presence of the venire.

21  The Court will inform the attorneys which hardship claims and cause

22  challenges will be granted, but will not announce those dismissals

23  until the process is completed.   Each side may then list in writing

24  up to three peremptory challenges.   The attorneys will review each

25  other's lists and then submit them to the Courtroom Deputy.

26       Then, from the list of jurors in numerical order, the Court will

27  strike the persons with meritorious hardships, those excused for

28

United States District Court
For the Northern District of California

cause, and those challenged peremptorily, and call the first eight people in numerical sequence remaining.  Those people will be the jury.

All jurors remaining at the close of the case will deliberate. There are no alternates.

<u>SANCTIONS</u>

Failure to comply with this Order is cause for sanctions under Federal Rule of Civil Procedure 16(f).

IT IS SO ORDERED.

Dated: _____          s/CLAUDIA  WILKEN
                                        CLAUDIA WILKEN
                                        UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

<div style="text-align: left; font-variant: small-caps;">

**United States District Court**
For the Northern District of California

</div>

JUROR QUESTIONNAIRE

Please fill out this form as completely as possible and print clearly. Since we want to make copies for the attorneys and the Court, do not write on the back of any page.  If you need more room, continue at the bottom of the page.  Thank you for your cooperation.

1.    Your name: _____

2.    Your age: _____

3.    The city where you live: _____

4.    Your place of birth: _____

5.    Do you rent or own your own home? _____

6.    Your marital status: (circle one)

      single    married    separated    divorced    widowed

7.    What is your occupation, and how long have you worked in
      it?  (If you are retired, please describe your main
      occupation when you were working).

_____

_____

8.    Who is (or was) your employer?

_____

9.    How long have you worked for this employer? _____

10.   Please list the occupations of any adults with whom you
      live.

_____

11.   If you have children, please list their ages and sex and,
      if they are employed, please give their occupations.

_____

_____
       _____

12.   Please describe your educational background:

11

Highest grade completed: _____

College and/or vocational schools you have attended:

_____

_____

_____

_____

Major areas of study:_____

13.   Have you ever served on a jury before? _____   How many

times?_____

If yes:  State/County Court _____   Federal Court _____

When? _____

Was it a civil or criminal case? _____

Did the jury(ies) reach a verdict? _____

(rev. 9/4/02)

United States District Court
For the Northern District of California